IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY A. HARLEY,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-2725** |
| | : | |
| **VETERANS HOSPITAL AND** | : | |
| **VETERANS MEDICAL CLINIC,** *et al.*, | : | |
|     **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**BEETLESTONE, J.**                                                                                                    **July 11, 2024**

Plaintiff Mary Harley brings this *pro se* civil action against: (1) the "Veterans Hospital of Philadelphia"; (2) "Veterans Medical Clinic"; (3) "Veterans Psychiatric Ward, 7th Fl."; (4) "All Nurses & Doctors on 7th Fl."; (5) Dr. Katherine Dilliard; (6) Dr. Jarrett Jonas Matthews; (7) Dr. Chai; and (8) "Everyone (nurse) who dispersed wrong medication & injections in Ebony Harley['s] shoulder." (Compl. at 1.) She seeks to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Harley leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of standing.

**I.     FACTUAL ALLEGATIONS**

Although Harley is the named plaintiff, her allegations concern her daughter, Ebony. Harley generally alleges that her daughter was subject to improper treatment during several psychiatric hospitalizations. (Compl. at 3.) She claims her daughter has lumps in her shoulder from continuous injections when she was "locked . . . behind doors against her will" at the hospital and injected "at least twice a day" to force medication into her that caused side effects. (*Id.*) Harley alleges that the Defendants are "prescribing & dispensing medication for medical conditions [her daughter] doesn't have" and that "every two years these people use science

military telecommunications to put her [daughter's] mind in a mental state just so she would not live the life she always wanted to have." (*Id.*)  Based on these and similar allegations, Harley is suing for damages to compensate her daughter for her injuries.  (*Id.* at 4.)

## II.     STANDARD OF REVIEW

The Court grants Harley leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous, malicious, or fails to state a claim.  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  The Court's continuing obligation to assure its jurisdiction includes an assessment of whether a plaintiff has standing to pursue her claims.  *See Seneca Res. Corp. v. Twp. of Highland, Elk Cty., Pa.*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing and mootness sua sponte."); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008) (explaining that Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and that this "requirement is satisfied only where a plaintiff has standing").

## III.     DISCUSSION

Harley brings claims based on harm suffered by her daughter and seeks compensation on her daughter's behalf.  "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).  Additionally, *pro se* litigants who are not attorneys may not represent anyone else in federal court, including their children.  *See*

*Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-3 (3d Cir. 1991) (father could not pursue claims on behalf of minor children); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) (*per curiam*) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer."). Accordingly, the Court must dismiss Harley's Complaint because Harley lacks standing to pursue this lawsuit on her daughter's behalf. *See, e.g.*, *Chang v. Dep't of Servs. for Child., Youth, & their Fams., Div. of Fam. Servs.*, 790 F. App'x 435, 437-38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Harley leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of standing. *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice."). Harley will not be given an opportunity to file an amended complaint because she cannot cure the defects in her claims. Notably, Harley has previously attempted to bring claims on behalf of her daughter and her other children, and has been warned that if she continues to do so "she could be subjected to restrictions on her ability to file." *Harley v. Dep't of Hum. Servs.*, No. 23-3144, 2023 WL 5517567, at *2 (E.D. Pa. Aug. 24, 2023). The Court reiterates that warning here.

An appropriate Order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**
_____
**WENDY BEETLESTONE, J.**